IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATHI COOPER, BETH HARRINGTON, )
and MATTHEW HILLESHEIM, )
Individually and on Behalf of All Those )
Similarly Situated, )
)
          Plaintiffs, )
)
vs. ) CIVIL NO. 99-829-GPM
)
IBM PERSONAL PENSION PLAN and IBM )
CORPORATION, )
)
          Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Plaintiffs' motion for class certification (Doc. 48) and Defendants' motion to strike Plaintiffs' supplemental brief in support of renewed motion for class certification (Doc. 60). The Court held a hearing on the class certification motion on March 26, 2001, and the parties were granted leave to file supplemental briefs. Supplemental briefs were subsequently filed by Defendants (Doc. 57) and Plaintiffs (Doc. 59), and Defendants moved to strike Plaintiffs' supplemental brief (Doc. 60). Plaintiffs filed a memorandum in opposition to Defendants' motion to strike on April 27, 2001 (Doc. 61), and the Court allowed Defendants to file additional supplemental authority on the class certification issue on June 4, 2001 (*see* Doc. 63).

## I. MOTION TO STRIKE.

As an initial matter, the Court has considered whether Plaintiffs' supplemental brief in support of renewed motion for class certification should be stricken. Defendants argue that

Plaintiffs have unfairly introduced expert testimony on technical actuarial issues and that Plaintiffs supplemental submission erroneously includes a proposed order and exceeds the local rule page limitation.

The Court finds Defendants' arguments without merit. This Court routinely excuses the page limitation where complicated motions are involved, and proposed orders are in some circumstances helpful to the Court.[1] It is for that reason that proposed orders are mandated by local rule. *See* Southern District of Illinois Local Rule 7.1(a). Moreover, the expert witness affidavit included in Plaintiffs' supplemental brief responds to an argument made by Defendants at the hearing on the motion for class certification. Accordingly, Defendants' motion to strike Plaintiffs' supplemental brief in support of renewed motion for class certification (Doc. 60) is denied.

## II. MOTION FOR CLASS CERTIFICATION.

Pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2), Plaintiffs seek certification of a class consisting of "all individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994." This proposed class is divided into the following three proposed subclasses:

> Subclass 1: All individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994, whose accrued benefits have been or will be determined pursuant to the 1995 Personal Pension Plan formula.
>
> Subclass 2: All individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994, whose accrued benefits have been or will be determined pursuant to the 1999 Cash Balance Plan formula.

---

[1] In this case the Court found Plaintiffs' proposed order very helpful, and portions of the proposed order have been adopted by the Court and incorporated into this Memorandum and Order.

        Subclass 3:    All individuals who were employed by IBM as of July 1, 1999, and who have or in the future will leave IBM's employ before meeting the 5-year vesting requirement.

**A.**    **Background.**

On November 1, 1999, Kathi Cooper filed a class action complaint in this Court challenging the legality of certain aspects of the IBM Personal Pension Plan. On November 16, 2000, the Court granted Plaintiffs leave to file a second amended complaint adding Beth Harrington and Matthew Hillesheim as Plaintiffs to address issues raised by Defendants regarding Ms. Cooper's standing to challenge certain aspects of the IBM Personal Pension Plan. By their current motion, Plaintiffs ask the Court to certify the case as a class action and to further designate Kathi Cooper as the class representative of Subclass 1, Beth Harrington as the class representative of Subclass 2, and Matthew Hillesheim as the class representative of Subclass 3. Plaintiffs also ask the Court to appoint their attorneys as class counsel.

**B.**    **Class Certification Standard.**

Whether a class may be certified is within the Court's discretion. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981); *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993) (district court has "broad discretion to determine whether certification of a class is appropriate."); *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 703 (7th Cir. 1993) ("[w]e reverse a district court's ruling regarding class certification only when we conclude that the district court abused its discretion in reaching its decision."). The Federal Rules of Civil Procedure direct that class certification must be determined "[a]s soon as practicable after the commencement of an action," but an order granting class certification "may be conditional, and may be altered or amended before the decision on the merits." FED. R. CIV. P. 23(c)(1).

In deciding class certification, the Court is mindful of the Seventh Circuit's recent decision

in *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001), *petition for cert. filed*, 70 U.S.L.W. 3106 (U.S. Aug. 1, 2001) (No. 01-206). *Szabo* directs a district court to make a preliminary inquiry into the merits of the case if some of the considerations under Rule 23 overlap the merits. *See also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Eggelston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981). As Judge Easterbrook stated in *Szabo*, "[b]efore deciding whether to allow a case to proceed as a class action . . . a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo* 249 F.3d at 676. Thus, the Court cannot simply take Plaintiff's allegations as true, for "[b]oth the absent class members and defendants are entitled to the protection of independent judicial review of the plaintiff's allegations." *Szabo*, 249 F.3d at 677.

In order for this action to be maintained as a class action, Plaintiffs must first establish that the following requirements of Rule 23(a) are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See, e.g., Harriston*, 992 F.2d at 703. These requirements are often referred to as numerosity, commonality, typicality, and adequacy of representation. *Id.*

If these four prerequisites are satisfied, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, Plaintiffs seek certification for a class under Rule 23(b)(1) and (b)(2). Under subsection (b)(1), Plaintiffs must establish that the adjudication of individual claims "would establish incompatible standards of conduct" on Defendants. *See* FED. R. CIV. P. 23(b)(1)(A). Under subsection (b)(2), Plaintiffs must establish that "the party opposing the class has acted or refused to act on grounds generally

applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *See* FED. R. CIV. P. 23(b)(2).

C.  **Analysis**.

The Court first addresses the requirements of Rule 23(a). If Plaintiffs cannot establish that the requirements of numerosity, commonality, typicality, and adequacy of representation have been met, class certification must be denied.

1.  **Numerosity.**

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." In this case, the class consists of as many as 140,000 members (*see* Doc. 41 at para. 21), and Defendants concede that the numerosity requirement is satisfied (*see* Doc. 52 at page 7). Accordingly, the Court finds that the class and each of the proposed subclasses meet the numerosity requirement.

2.  **Commonality.**

Rule 23(a)(2) requires a Court to find that "there are questions of law or fact common to the class." The Seventh Circuit has found that "a common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario*, 963 F.2d at 1018 (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949-50 (N. D. Ill. 1984)). Courts often find a common nucleus of operative fact in situations where a defendant has engaged in standardized conduct toward members of the class. *See, e.g., Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (and cases cited therein). Moreover, the Seventh Circuit has stated that "the fact that there is some factual variation among the class grievances will not defeat a class action." *Rosario*, 963 F.2d at 1017 (citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980)).

In this case, Defendants contend that Plaintiffs have failed to demonstrate commonality

because the "[l]egal and factual analysis applicable to the 1995 formula (Subclass 1) will not resolve or even bear on questions about the 1999 formula (Subclass 2)." (*See* Doc. 52, page 19). Similarly, Defendants contend that the claim "on behalf of Subclass 3 has nothing in common with the claims on behalf of the other two subclasses." *Id.*

Even if Defendants are correct that the legal and factual analysis required at the merits stage is separate and distinct within each subclass, the Court does not find that certification is inappropriate. Plaintiffs properly note that the court in *White v. Sundstrand Corporation*, No. 98-C-50070, 1999 WL 787455, at *4 (N.D. Ill. 1999), *aff'd*, 256 F.3d 580 (7th Cir. 2001), addressed a very similar issue. In *White*, the defendants argued that because at least seven distinct versions of a pension plan were at issue, a finding of commonality was precluded. The district judge rejected the defendants' arguments and noted that "[i]n any event, the answer to defendants' argument would be to create subclasses, not deny class certification altogether." *Id.* at *5 (citing FED. R. CIV. P. 23(c)(4)). In this case there is a common nucleus of operative fact: whether Defendants' pension plan comports with the requirements of ERISA. For this reason, the requirement of commonality is met.

3.   **Typicality.**

The question of typicality is closely related to the question of commonality. The Seventh Circuit has stated that a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting H. Newberg, Class Actions § 1115(b) at 185 (1977)).

Defendants' arguments against typicality are similar to their contentions regarding commonality. Again, even if Defendants are correct in their factual assertions, certification is not

precluded. Defendants' argument that the claims of one subclass are not typical of the claims of the other subclasses supports the creation of subclasses, but it does not defeat certification. All class members have a common interest in maximizing their benefits from the Plan by compelling Defendants to comply with the law. The three named Plaintiffs are typical of the class as a whole in pursuing that goal in the context of this litigation. Moreover, it is undisputed that the individual proposed to represent each of the three subclasses is typical of the members within that subclass. For these reasons, the requirement of typicality is met.

4.    **Adequacy of Representation.**

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy of representation requirement was designed to protect the due process rights of absent class members. *See Ziemack v. Centel Corp.,* 164 F.R.D. 477, 481 (N.D. Ill. 1995). In determining whether the interests of a class will be represented adequately, the courts look to "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the absentee members." *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir. 1986) (en banc). While the Seventh Circuit has noted that "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims," it has rejected arguments regarding purposed conflicts or antagonisms that do not have any substantial factual basis. *See Rosario,* 963 F.2d at 1018-19 (class certification should not be denied by speculative suggestions of potential conflicts).

Defendants do not dispute that Plaintiffs' counsel are experienced, qualified, and fully committed to the vigorous prosecution of the class claims. Indeed, the Court finds Plaintiffs' counsel to have considerable experience in this area of complex litigation, and the Court has no

concerns with their ability to adequately represent the class. According to Defendants, however, the proposed class cannot be certified because there may be conflicts between the members of the three subclasses and even within the subclasses.

Defendants rely on the case of *United Independent Flight Officers v. United Air Lines, Inc.*, 756 F.2d 1274 (7th Cir. 1985). In *United*, the district court denied certification of the class because of conflicts between the class representatives and the remainder of the class, and the Seventh Circuit affirmed the district court's decision. In that case, the class members were from two antagonistic pilot organizations, each seeking different retirement benefit changes. No named plaintiff was a member of the second subclass which plaintiffs sought to have certified. The district court concluded that the "differences among United pilots concerning their economic interests with regard to benefit plans represent a substantial conflict going to the subject matter of the litigation, thus rendering class certification inappropriate." 572 F. Supp. 1494, 1500 (N.D. Ill. 1983) (citing *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 874 (8th Cir. 1977)).

The Court finds that this case is easily distinguished from the *United* case. The only concern raised by Defendants is a concern of a *potential future* conflict in connection with the ultimate *remedy* (if any) Plaintiffs obtain. Courts have routinely rejected arguments that differing remedial interests within a class defeat class certification. *See White*, 1999 WL 787455, at *5; *see also Lemke v. Suntec Indus., Inc.*, No. 94-C-50006, 1997 WL 760507 (N.D. Ill. Dec. 1, 1997). Moreover, both the affidavit of David M. Speier, the Enrolled Actuary for the Plan, and Defendants' opposition to class certification appear to be premised upon an assumption that Plaintiffs seek to void the 1995 and 1999 formulas. Contrary to Defendants' argument, the Court finds that Plaintiffs are asking this Court to (1) declare that certain aspects of both the 1995 formula and the 1999 formula violate ERISA; and (2) enter equitable relief requiring Defendants to recalculate and pay benefits under

both formulas in accordance with applicable law. In addition, Plaintiffs seek a determination that the change to the 1999 formula from the 1995 formula resulted in a partial termination requiring Defendants to immediately vest all employees as of July 1, 1999.

The Court disagrees with Defendants' argument that the potential for conflicting remedies justifies the denial of class certification. Plaintiffs seek a determination that Defendants have violated ERISA. If Plaintiffs succeed in that mission, the remedy is a question the Court will have to answer on another day. As long as each subclass is adequately represented during the effort to determine whether Plaintiffs are entitled to anything at all, certification is appropriate.

Defendants also contend that some class members may prefer the *status quo* to the future changes that might be made to the Plan if this litigation succeeds. While that may theoretically be true in every large class action, it does not prevent class certification. *See Lanner v. Wimmer*, 662 F.2d 1349, 1357 (10th Cir. 1981) ("It is not 'fatal if some members of the class might prefer not to have violations of their rights remedied.'"); *National Organization for Women v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997) ("class may be certified even though the initial definition includes members who have not been injured or do not wish to pursue claims against the defendant"); *Wilder v. Bernstein*, 499 F. Supp. 980, 993 (S.D.N.Y. 1980) ("The fact that some members of the class may be personally satisfied with the existing system and may prefer to leave the violation of their rights unremedied is simply not dispositive of a determination under Rule 23(a)").

The Court finds that Plaintiffs have met their burden of establishing that the representative parties will fairly and adequately protect the interests of the class, and each of the four elements of Rule 23(a) have been satisfied.

Having found that Plaintiffs have satisfied the elements of Rule 23(a), the Court now turns to the question of whether Plaintiffs have also satisfied one of the requirements of Rule 23(b).

Plaintiffs seek certification under both Rule 23(b)(1) and 23(b)(2).

Under Rule 23(b)(1), certification is appropriate where

> the prosecution of separate actions by or against individual members of the class would create the risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

FED. R. CIV. P. 23(b)(1). Rule 23(b)(2) directs that class certification is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).

Plaintiffs' second amended complaint seeks a declaration that the IBM Personal Pension Plan violates federal law. Plaintiffs seek injunctive relief requiring Defendants to amend the Plan to make it legal. Defendants' actions with respect to the Plan are generally applicable to the class, and, if Plaintiffs succeed in their attempt to show that Defendants' conduct with respect to the Plan is illegal, injunctive and/or declaratory relief will be appropriate. Thus, the Court is satisfied that certification is appropriate under Rule 23(b)(2).

The Court also finds certification appropriate under Rule 23(b)(1)(A) and 23(b)(1)(B). The question presented in this case is whether Defendants' pension plan violates ERISA. If each pension participant filed a separate lawsuit to challenge the Plan, inconsistent and varying adjudications of the legality of the Plan are inevitable. Moreover, an adjudication with respect to individual members of the class would substantially impair or impede the ability of other members to protect their interests. Accordingly, the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) are met.

## III. CONCLUSION.

For the foregoing reasons, Defendants' motion to strike Plaintiffs' supplemental brief in support of renewed motion for class certification (Doc. 60) is **DENIED**, and Plaintiffs' motion for class certification (Doc. 48) is **GRANTED**.

The Court hereby **CERTIFIES** the following class:

> **All individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994.**

This class is divided into the following three subclasses:

> **Subclass 1:** All individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994, whose accrued benefits have been or will be determined pursuant to the 1995 Personal Pension Plan formula.
>
> **Subclass 2:** All individuals who have participated in the IBM Personal Pension Plan at any time after December 31, 1994, whose accrued benefits have been or will be determined pursuant to the 1999 Cash Balance Plan formula.
>
> **Subclass 3:** All individuals who were employed by IBM as of July 1, 1999, and who have or in the future will leave IBM's employ before meeting the 5-year vesting requirement.

This certification is conditional and may be altered or amended before a decision on the merits.

The Court hereby **APPOINTS** Kathi Cooper, Beth Harrington, and Matthew Hillesheim as Class Representatives, and further appoints Kathi Cooper as Class Representative of Subclass 1, Beth Harrington as Class Representative of Subclass 2, and Matthew Hillesheim as Class Representative of Subclass 3.

The Court further **APPOINTS** Steven A. Katz, Douglas R. Sprong, and William K. Carr as counsel for the class and subclasses.

**IT IS SO ORDERED.**

DATED this 17th day of September, 2001.

_____
G. PATRICK MURPHY
Chief United States District Judge