710 PLI/Lit 149
710 PLI/Lit 149
**(Cite as: 710 PLI/Lit 149)**

Practising Law Institute
Litigation and Administrative Practice Course Handbook Series
Litigation
PLI Order Number 3438
July 29 - July 30, 2004

Class Action Litigation: Prosecution & Defense Strategies 2004

**\*149** DEFENSE OF FEDERAL CLASS ACTIONS

Gary L. Sasso
Carlton Fields, PA

(c) Copyright 2004, Practising Law Institute; Gary L. Sasso

Copyright (c) 2004  All Rights Reserved.

**\*151** Biographical Information

Program Title: Defense of Federal Question Class Actions 2004

Name: Gary L. Sasso

Position or Title: Chair, Litigation Department and Securities and Derivative Litigation Practice Group

Firm or Place of Business: Carlton Fields
  Address: Tampa, Florida
  Phone: 727 821-7000
  Fax: 727 822-3768
  E-Mail: GSASSO@CARLTONFIELDS.COM

Primary Areas of Practice: Defense of Federal and State Securities Fraud; Consumer Fraud and Anti-Trust Class Actions; Environmental Class Actions; Multi-Plaintiff Products Litigation and Products Class Actions

Law School: University of Pennsylvania Law School (JD Magna Cum Laude 1977)

Work History:
  Carlton Fields, Tampa, FL
  Bredoff & Kaiser, Washington, D.C.
  Law Clerk, Justice Bryon R. White, US Supreme Court

Law clerk, Judge Spottswood W. Robinson, III, US Court of Appeals, D.C. Circuit
**\*152** Fellow, International Academy of Trial Lawyers
Fellow, American Academy of Appellate Lawyers
Member, Council, ABA Section of Litigation
Chair, Civil Section, Tampa Bay Chapter, Federal Bar Association
Former Editor-In-Chief, Litigation Magazine, ABA Section of Litigation
Member, American Law Institute
Fellow, American Bar Foundation
Member, Appellate Rules Committee, The Florida Bar

## **\*153** TABLE OF CONTENTS

Part 1: Securities Class Actions
  I. Introduction
  II. Outline
     A. Standing
        1. Article III Standing
        2. Statutory Standing
     B. Federal Securities Class Actions Under the PSLRA
        1. Certification Requirements Upon Filing a Complaint
        2. Notice Requirements
        3. Requirements for Appointing Lead Plaintiffs
     C. Federal Securities Class Actions Under Rule 23
        1. Searching Inquiry
        2. Typicality
        3. Individual Isues Predominate
        4. Adequacy
     D. Federal Preemption Under SLUSA
  III. Conclusion

Part 2: Antitrust Class Actions
  I. Introduction
     A. Rule 23 in General
        1. 23(a)
        2. 23(b)
     B. Purpose
     C. Burden
     D. The Court's Role and Duty
  II. The Rule 23(a) Prerequisities in the Antitrust Context
     A. Numerosity
     B. Commonality
        1. Conspiracy
        2. Monopolization
     C. Typicality
     D. Adequacy of Representation
        1. Adequacy of the plaintiff

    2. Adequacy of counsel
    3. Retoractivity
**\*154** III. The Rule 23(b)(1) and 23(b)(2) Requirements
    A. 23(b)(1)
    B. 23(b)(2)
IV. Rule 23(b)(3), The Preferred Mechanism for Bringing Antitrust Class Actions
    A. Predominance of Common Questions of Law or Fact
        1. Predominance Considerations
        2. Liability is more important than damages
        3. Predominance is usually found in horizontal price-fixing cases
        4. Predominance is a more difficult issue in monopolization cases
    B. Superiority of Class Action as the Method of Adjudication
        1. 4 Factors
        2. Private Enforcement
        3. Manageability
V. Competing Philosophies of Solving Rule 23(b)(3) Problems
    A. The Formalistic Approach
        1. Charactertics
        2. Legal Presumption in Favor of Certification
        3. Policy Bias in Favor of Antitrust Plaintiffs as Private Attorneys General
        4. Deferential Analysis of Plaintiffs' Experts' Submissions
        5. Outcomes
    B. The Rigorous Analysis Approach to Antitrust Class Action Certification
        1. Falcon
        2. Beyond the Allegations
        3. Manageability Concerns
        4. Examples of the Rigorous Analysis Approach
VI. Indirect Purchaser Class Actions
    A. State Law
        1. Federal Bar
        2. Illinois Brick Repealer Statutes
        3. Unfair Trade Practices
    B. Courts decline to certify indirect purchaser classes
        1. Alabama
        2. California
        3. Florida
        4. Michigan
        5. Minnesota
        6. Mississippi
    **\*155** C. Certified indirect purchases classes
        1. In re Terazosin Hydrochlorida Antitrust Litigation
        2. Howe v. Microsoft Corp.
        3. Robinson v. EMI Music Distribution, Inc.
        4. Carlson v. Abbott Laboratories, Inc.
        5. Donelan v. Abott Laboratories, Inc.
        6. Goda v. Abbott Labs, 1997-1 Trade Cas.


    D. Impact and Damages
      1. Impact
      2. Common Proof
      3. Attempts to Prove Impact

Part 3: Defending Certification Employment Class Actions
 I. Introduction
 II. Employment Class Actions
    A. Overview
      1. Rule 23
      2. 29 U.S.C. §216(b)
      3. Class Actions Brought by The EEOC
      4. Theories for Proving Classwide Discrimination
    B. Rule 23 Class Actions
      1. The Falcon Case
      2. Standing
      3. Numerosity (Rule 23(a)(1)
      4. Commonality/Typicality (Rule 23(a)(2) and (3)
      5. Decentralized Decisionmaking
      6. Subjective Decisionmaking
      7. Adequacy of Representation (Rule 23(a)(4)
      8. Temporal Scope of The Class
      9. Rule 23(b)
    C. Nuts and Bolts of Defending Certification in Employment Class Actions
      1. Arbitrate or Litigate?
      2. Planning the Defense
      3. Dealing with the Media
      4. Communications with the Class Members
      5. Case Management
      6. Motions to Dismiss
      7. Discovery
      8. Statistical Evidence
      9. Responding to the Class Certification Motion
      10. The Hearing on Class Certification
      11. Settlements
   **\*156** D. Section 216(b) Class Actions
      1. The Two-Stage Certification Procedure
      2. Discovery Pre-Certification
      3. Initial Certification
      4. Decertification
      5. Hybrid Rule 23 and 216(b) Actions
      6. Settlements
    E. Conclusion - Employment Class Actions

Part 4: Erisa Class Actions
 I. Overview

    A. ERISA in General
    B. ERISA Causes of Action
    C. Defense Considerations in Erisa Class Actions
      1. Standing
      2. Motions to Dismiss
      3. Rule 23(a) Requirements
      4. Rule 23(b) Requirements
      5. Whether to Challenge Certification in the First Instance
      6. Considerations with Respect to ERISA and Securities Litigation
      7. Class Action Procedural Note
      8. DOL's New Prohibited Transaction Class Exemption for the Release of ERISA Claims

\*   \*   \*

**\*238** PART IV: ERISA CLASS ACTIONS [FN8]

\*   \*   \*

4. Rule 23(b) Requirements

   In addition to meeting the requirements of Rule 23(a), ERISA plaintiffs must show that certification is appropriate under one of the three provisions of Rule 23(b). Perhaps unique to ERISA class actions, the requirements of Rule 23(b)(1)(relating to risk of varying adjudications) are more often met in the ERISA context, in part because of allegations concerning the uniform treatment of putative class members. See Kennedy v. United Healthcare of Ohio, Inc., 206 F.R.D. 191, 198 (S.D. Ohio 2002) (certifying (b)(1) class in 502(a)(1) claim for benefits). Under ERISA, the plan and its fiduciaries generally owe the same duty to all participants, and a violation of ERISA with respect to one may establish a violation with respect to all other similarly situated participants. The Advisory Committee Notes reference that Rule 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries. For these reasons, ERISA class actions may be certified under Rule 23(b)(1). See, e.g., Babcock, 212 F.R.D. at 131 (certifying b(1) class where core claims involved whether fiduciary properly diversified the assets of the plan, and claims therefore required single interpretation of the plan and failure to certify class could lead to inconsistent plan interpretations); Banyai, 205 F.R.D. at 165 (certifying (b)(1) class in breach of fiduciary duty claim); Koch v. Dwyer, 2001 W.L. 289972 at \*5 (S.D.N.Y. March 23, 2001)(ERISA breach of fiduciary duty claims certified under (b)(1)); In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 468 (E.D. Pa. 2000)(holding (b)(1) certification appropriate where prosecution of separate actions by participants and beneficiaries would risk inconsistent adjudications leaving future plaintiffs without relief).