# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIAN R. WAGENER and DONALD F. CHAMPOUX, ) ) ) | |
| On behalf of themselves and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) ) | Civil Action No. 03-769 (RCL) |
| v. ) ) | |
| SBC PENSION BENEFIT PLAN – NONBARGAINED PROGRAM, ) ) ) | CLASS ACTION |
| Defendant. ) ) ) | |

## ORDER CERTIFYING CLASS, CERTIFYING ACTION AS CLASS ACTION AND APPOINTING CLASS COUNSEL

This matter came before this Court on Plaintiffs' Motion [2] to Certify Class, Defendant's

Response [34] to Plaintiffs' Motion to Certify Class and the parties' joint submission of a

proposed order [34] certifying a class, certifying this action as a class action for all purposes of

liability and relief as set forth below, and appointing class counsel.

Upon careful consideration of the parties' submissions and the entire record herein, this

Court finds that Plaintiffs have established that the prerequisites for class certification pursuant to

Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B) and (b)(2) have been met and that Plaintiffs' counsel shall

be appointed class counsel pursuant to Fed. R. Civ. P. 23(g).

This action shall be certified as a class action because such an order will facilitate

prosecution and resolution of the case, protect the Defendant Plan from inconsistent and differing

rulings, protect absent Class members from an adjudication that will be, as a practical matter,

dispositive of their interests without the procedural safeguards of Rule 23, and promote

efficiency in the federal courts by precluding unnecessary duplicative proceedings in this District

and elsewhere.  It is therefore hereby

ORDERED that Plaintiffs' Motion [2] is GRANTED.

This Court hereby finds as follows:

A.      The proposed Class is defined as:

All persons, or the beneficiaries, estates or alternate payees of such
persons, whose Pension Compensation for purposes of the Enhanced
Grandfathered Benefit under the EPR program of the SBC Pension
Benefit Plan – Nonbargained Program was or will be calculated by
excluding pay for work performed during the period for which
Average Annual Compensation was calculated without any
adjustment having been made in such calculation to compensate for
such exclusion.

This Court finds that the proposed Class is sufficiently well-defined for this Court to

determine whether or not an individual is a member of the Class.[1]

B.      In accordance with Fed. R. Civ. P. 23(a) and the reasons set forth in Plaintiffs'

Memorandum of Points and Authorities in support of their Motion, this Court

further finds that:

(1)     The Class is so numerous that joinder of all members is impracticable;

(2)     There are questions of law and/or fact common to the Class pertaining to

---

[1] *See, e.g, Bynum v. District of Columbia*, 214 F.R.D. 27, 32 (D.D.C. 2003) ("[a]lthough
Rule 23 of the Federal Rules of Civil Procedure does not specifically require plaintiffs to
establish that a class exists, this is a common-sense requirement and courts routinely require it")
(citation omitted).

liability and relief;

(3)     The claims of Marian R. Wagener and Donald F. Champoux are typical of the claims of the Class; and

(4)     Marian R. Wagener and Donald F. Champoux will fairly and adequately protect the interests of the Class.

C.     This Court further finds, in accordance with Fed. R. Civ. P. 23(b)(1)(A) and for the reasons set forth in Plaintiffs' Memorandum of Points and Authorities in support of their Motion, that the prosecution of separate actions by or against the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant Plan.

D.     This Court further finds, in accordance with Fed. R. Civ. P. 23(b)(1)(B) and for the reasons set forth in Plaintiffs' Memorandum of Points and Authorities in support of their Motion, that adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

E.     This Court further finds, in accordance with Fed. R. Civ. P. 23(b)(2) and for the reasons set forth in Plaintiffs' Memorandum of Points and Authorities in support of their Motion, that the Defendant Plan has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole if

Plaintiffs' claims are found to have merit.

F.      In light of the foregoing it is unnecessary to reach Plaintiffs' alternative arguments in favor of certification under Fed. R. Civ. P. 23(b)(3).

G.      This Court certifies the Class and this action as a class action for all purposes of liability and relief under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2).

H.      This Court certifies the Class with respect to all claims arising under Count Two of the Complaint, all relief available and all defenses raised thereto.

I.      In accordance with Fed. R. Civ. P. 23(g), this Court appoints Marc I. Machiz of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and Eli Gottesdiener, of the Gottesdiener Law Firm, PLLC as Class counsel.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 21, 2005.