# TAB A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY D. LAURENT, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRICEWATERHOUSECOOPERS LLP, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 04-809-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter came before the Court on May 2, 2005, for a hearing on the venue issue raised in the amended motion to dismiss (Doc. 30) and supporting memorandum and exhibits (Docs. 23, 26, 31). For the following reasons, the Court agrees with Defendants that venue is improper, and this action is dismissed under 28 U.S.C. § 1406(a).

Plaintiff filed this putative class action alleging various theories under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* For purposes of this venue motion, the particulars of the claims alleged in the first amended complaint (Doc. 14) need not be set forth herein.

ERISA's applicable venue provision is broad. It provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

29 U.S.C. § 1132(e)(2). Section 1132(e)(2) allows for nationwide service of process and, consequently, personal jurisdiction. *Board of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-37 (7th Cir. 2000).

While the venue provision is broad, it is not unlimited, as held by the Seventh Circuit Court of Appeals in *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804 (7th Cir. 2002), upon which Defendants predominantly rely. In that case, the Court rejected the plaintiffs' attempt to tie "may be found" to the nationwide service of process provision by arguing that a defendant "may be found" in any district in which the defendant is subject to personal jurisdiction, so long as the defendant has minimum contacts with the United States as a whole. Rather, the Court equated "may be found" in a district with having the sort of "minimum contacts" with that *district* to support the exercise of personal jurisdiction under the rule of *International Shoe Company v. Washington*, 326 U.S. 310 (1945), and its progeny, and held that "the mere presence in a district of two participants in a retirement plan covering 2,740 retirees does not constitute sufficient contact between the district and the plan to support a conclusion that the plan 'may be found' in the district." 301 F.3d at 810, 811.

Obviously, Plaintiff in this case cannot get around *Waeltz*, so he argues, respectfully, that had the plaintiffs in *Waeltz* argued that venue was proper because the defendant *resided* in the district rather than because it *may be found* in the district, the result of the case would have been different. In other words, he argues that the plaintiffs in that case simply argued the wrong thing.[1]

Therefore, he argues in this case that venue is proper because Defendants reside in this

---

[1] As an aside, the Court finds Plaintiff's criticism of the plaintiffs in *Waeltz* somewhat surprising in light of the fact that much of this action is based on theories that have been successful in *Berger v. Xerox Corporation Retirement Income Guarantee Plan*, 338 F.3d 755 (7th Cir. 2003), and *Cooper v. IBM Personal Pension Plan*, civil case number 99-829-GPM (S.D. Ill. Sept. 17, 2001), both of which were filed by counsel that represented the plaintiffs in *Waeltz* (*see* Doc. 24).

District. Specifically, he supports a type of nationwide definition of "resides," at least as it applies to corporations and unincorporated entities, in that such entities are deemed to "reside" in a district as a matter of law once there is personal jurisdiction over them by virtue of proper service (*see* Doc. 58, p. 2). In fact, when asked during argument to summarize why he contends that venue is proper in this District, counsel responded because Defendants have minimum contacts with the nation and were properly served under Federal Rule of Civil Procedure 4. Hence, Plaintiff's argument goes that because it is well-settled that § 1132(e)(2) allows for nationwide service of process and personal jurisdiction, *see Waeltz*, 301 F.3d at 807 n.2, *citing Elite Erectors*, 212 F.3d at 1035-37, and because Defendants were properly served and include unincorporated entities,[2] the Court can look to 28 U.S.C. § 1391(c) to determine that they "reside" for purposes of venue anywhere where personal jurisdiction exists.[3]

Contrary to Plaintiff's assertion that his position is supported by *Waeltz*, his theory flies in the face of the Court's rationale for holding as it did with respect to the "may be found" provision. When the plaintiffs in *Waeltz* propounded a similar argument in favor of a nationwide definition of "may be found" and argued that a defendant "may be found" in whatever district court assumes jurisdiction for purposes of venue, 301 F.3d at 808, the Court of Appeals stated as follows:

> In interpreting the statute, we look first to the language of the statute itself. Nothing in the language of § 1132(e)(2) suggests the construction urged by Mr. Waeltz. Most notably, the construction that he urges would render superfluous the other clauses of ERISA's venue provision. To allow venue wherever personal jurisdiction exists would allow nationwide venue, because § 1132(e)(2)'s nationwide service of process clause creates nationwide jurisdiction. If such were the intent of Congress, there

---

[2]The Court notes that no Defendant is a corporation to which 28 U.S.C. § 1391(c) would apply by its literal terms.

[3]Plaintiff states in his brief that "the really bad news for Defendants is that since 1988 Congress has equated venue with personal jurisdiction in 28 U.S.C. § 1391(c) for all corporations and corporate entities" (Doc. 58, p. 2) (emphasis omitted).

Page 3 of 5

would have been no reason for Congress to provide specifically for venue where a plan is administered or where a breach took place. As this court often has stated, "we are loathe to adopt constructions that render a statutory provision superfluous."

*Waeltz*, 301 F.3d at 808 (internal citations omitted). This Court finds that this language applies with equal force to Plaintiff's promulgation of a nationwide definition of "resides." If this Court were to adopt Plaintiff's position, there would be no reason for the existence of the "administration" or "breach" - or, for that matter, the "may be found" - provisions of the statute.

Plaintiff appears to place undue weight in the next paragraph in the *Waeltz* opinion:

> Moreover, in the general federal venue statute, Congress has defined the word "resides," in terms of a defendant's amenability to personal jurisdiction, *see* 28 U.S.C. § 1391(c). By contrast, it has never defined the clause "may be found" in those terms. Indeed, Congress' equating "resides" with a defendant's amenability to personal jurisdiction in the general venue statute suggests strongly that Congress did not intend the "may be found" clause to carry such meaning here.

*Id.* at 809 (footnote omitted). This Court does not read this language to support Plaintiff's interpretation that "resides" equals personal jurisdiction under the ERISA venue statute. In fact, Plaintiff can point to no Seventh Circuit authority for his position that § 1391(c) applies not only to corporations but also to partnerships and unincorporated associations in ERISA actions (*see* Doc. 58, p. 8, n.11).[4] Moreover, his reliance on the Court of Appeals' discussion in dictum in *Waeltz*, 301 F.3d at 810 n.5, regarding those plaintiffs' reliance on a District of Kansas case is misplaced because that case involved corporate defendants. *See McCracken v. Auto Club of S. Cal., Inc.*, 891 F. Supp. 559, 562 (D. Kan. 1995) (finding the general venue statute's definition of corporate residence applicable to ERISA, but limiting such reading to *corporate* defendants).

---

[4]At least in the context of subject matter jurisdiction, the Seventh Circuit Court of Appeals repeatedly notes the distinction between incorporated and unincorporated entities and expects district courts and counsel to do the same. *See, e.g., Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *cf.* 28 U.S.C. § 1332(d)(10).

This Court is bound to obey Seventh Circuit precedent, and in the words of our Court of Appeals, this Court is "loathe to adopt" a construction of a statute that renders both statutory provisions superfluous and flies in the face of precedent adopting that statute. *See Waeltz*, 301 F.3d at 808. This Court is bound to interpret the statute as it believes it would be interpreted by the Seventh Circuit Court of Appeals - not by other courts, and this Court does not find Plaintiff's nationwide definition of "resides" palpable under Seventh Circuit precedent.

Moreover, the Court finds that the information sought by Plaintiff in his motion to compel disclosures in advance of and/or at the May 2nd oral argument regarding venue would not have made any difference to the outcome of Defendants' venue motion. Accordingly, Plaintiff's motion (Doc. 64) is **DENIED as moot**.

Plaintiff's motion for an order that venue is proper (Doc. 54) is **DENIED**. The Court has carefully considered all of the papers. The Court considered the stipulation when it was filed (Doc. 15); the Court deemed the Plan Defendants to be joined in the other Defendants' motion to dismiss filed February 16, 2005, and amended February 28, 2005, per the Order dated March 29, 2005 (*see* Doc. 52); and the Court does not consider them to have waived their venue argument.

For the foregoing reasons, venue is improper in this District Court. Defendants' amended motion to dismiss (Doc. 30) is **GRANTED in part**, and this action is **DISMISSED without prejudice** to Plaintiff's refiling in a proper forum of his choosing.

**IT IS SO ORDERED.**

DATED: 05/19/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge