# TAB C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, *et al.*,           )
                                )
            Plaintiff,          )
                                )
    v.                          )    Civil Action No. 1:01CV0098 (ESH)
                                )
FISCHER TILE & MARBLE, INC.,    )
                                )
            Defendant.          )
_____)

FILED
FEB 0 5 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Before the Court are defendant's motion to dismiss, plaintiffs' opposition thereto, and defendant's reply. Plaintiffs seek contributions that they allege defendant failed to pay to an employee benefit plan, in violation of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. In response, defendant has moved to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, to transfer the case to California pursuant to 28 U.S.C. § 1404(a). Based upon the pleadings and the record before it, this Court finds that the question of venue is inextricably intertwined with the merits of the case, and therefore, it will decline to dismiss or to transfer the action.

## BACKGROUND

Plaintiffs are the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"). (Compl. ¶ 1.) The IPF is an "employee benefit plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), authorized to effect collections on behalf of the

1

22

International Masonry Institute ("IMI") and Bricklayers and Allied Craftspersons ("BAC"). (*Id.* ¶ 4.) It is also authorized to file suit on behalf of affiliated local union pension funds (the "Local Funds").[1] (*Id.* ¶ 4.)

Defendant Fischer Tile & Marble, Inc. ("Fischer") is a licensed California tile contractor in Sacramento, California. (Def. Mot. To Dismiss at 1.) Fischer has long been associated with the local unions, BAC, and the Tile Contractors Association of America ("TCAA"). In 1966, TCAA and the BAC entered into a jurisdictional agreement that was signed at the time by the president of Fischer. (*Id.* at 2.) The agreement defined the scope of work to be assigned to tile setters, and adopted a procedure for the resolution of jurisdictional disputes. (*Id.*) This agreement expired in 1969. In 1985, the BAC and TCAA negotiated their first collective bargaining agreement (the "Agreement") covering wages, hours, and working conditions for tile setters. (*Id.* at 3.) Plaintiffs allege that defendant was bound to this Agreement through its association with the BAC and TCAA, and has failed to make certain payments to the IPF, IMI, BAC, and local funds that were due under the Agreement. (Compl. ¶ 7.) Defendant, conversely, disputes that it was bound to this or any successor agreement.

On January 19, 2001, plaintiffs filed suit under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(A)(3), to collect delinquent pension fund payments to the IPF dating back to January 1997. Defendant now moves to dismiss or transfer the action for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or the alternative, to transfer to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

---

[1] The affiliated local union funds are the Bricklayer Local No. 3, the Northern California Tile Industry Health And Welfare Trust Fund, the Bricklayer Local No. 19 Pension Trust Fund, and the Bricklayer Local No. 19 Apprenticeship and Training Trust Fund.

2

## ANALYSIS

I.  **Motion To Dismiss Under Fed. R. Civ. P. 12(b)(3)**

A claim should not be dismissed under Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Canady v. Nat'l Hosp. for Orthopaedics and Rehab.*, 1995 WL 322449, at *1 (D.D.C. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, a court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 321 (D.D.C. 1999). However, a court need not accept plaintiffs' legal conclusions as true. *See Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998). On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), facts must be presented that will defeat plaintiff's assertion of venue. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1352 (2d ed. 1990); *see, e.g., Totalplan Corp. of Am. v. Lure Camera, Ltd.*, 613 F. Supp. 451, 459 (W.D.N.Y. 1985).

Under the venue provision of ERISA, a party may bring a collection action in the district where the relevant ERISA plan is administered. 29 U.S.C. § 1132(e)(2). Plaintiffs assert that venue is proper here because the pension funds were administered in the District of Columbia when plaintiffs filed suit, and the defendant is bound to the funds by the 1985 Agreement. In response, defendant argues that it is not bound to the 1985 Agreement. Citing *Ruan Transp. Corp. and Dist. Lodge No. 77*, 234 N.L.R.B. 241 (1978), defendant asserts that there are two ways an employer can be bound to a collective bargaining agreement – (1) by actually signing the Agreement itself, or (2) by delegating its bargaining authority to a multi-employer group, which

3

executes an agreement on behalf of its delegating members. (Def. Mem. at 4.) It is undisputed that defendant did not sign the national agreement between BAC and TCAA; however, Fischer also contends that it did not delegate its bargaining authority to the TCAA for it to negotiate and enter into the Agreement on defendant's behalf, while plaintiffs argue that defendant was a member of the TCAA and did delegate its bargaining authority to that organization.

If defendant is bound to the Agreement, venue is proper in this district. Plaintiffs' claim that Fischer is liable for contributions to the Fund, however, also will turn largely – if not entirely – on whether defendant is bound to the Agreement. Venue in this case is therefore inextricably intertwined with the underlying merits. In this instance, it is proper to defer resolution of the venue issue until the time of trial, or at least until discovery has been completed.[2] *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 364 (1st Cir. 2001); *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 198 (D.C.Cir.,1992); *Collins v. New York Cent. Sys.*, 327 F.2d 880 (D.C.Cir. 1963). Defendant's motion to dismiss for improper venue must therefore be denied.[3]

---

[2] Among the many unresolved factual issues that are relevant to both venue and the underlying merits are whether defendant is bound to the Agreement because (1) Fischer is a member of TCAA and the TCAA agreement with the BAC was bargained "for and on behalf of [its] ... members," (2) Fischer was listed as a member of TCAA during the time of the Agreement, (3) Fischer's termination letter to TCAA establishes that Fischer considered itself bound to the TCAA agreement, and (4) Fischer's president was on TCAA's Board of Directors at the time the bargaining agreement was signed.

[3] Defendant relies largely on *Ruan Transp. Corp.*, 234 N.L.R.B. 241 (1978) and *Shearon Envtl. Design Co. v. Laborers' Dist. Council*, 1993 WL 476232, 144 L.R.R.M (BNA) 2770 (E.D. Pa. Nov. 18, 1993), in support of its argument to dismiss. In these cases, however, the courts' rulings that defendants were not bound to collective bargaining agreements were made after bench trials, rather than in response to a motion to dismiss, as here.

4

## II. Discretionary Transfer under 28 U.S.C. § 1404(a)

Defendant also argues that this case should be transferred to the Eastern District of California pursuant to 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the moving party to demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Consol. Metal Products, Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983).

"Section 1404(a) . . . vests 'discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness.'" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court must weigh a number of private interest and public interest factors, and plaintiff's chosen forum is of paramount consideration. *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22 (D.D.C. 1997). That choice should rarely be disturbed unless the balance is strongly in favor of the defendant, *Pain v. United Technologies Corp.*, 637 F.2d 775 (D.C. Cir. 1980), although plaintiffs' forum selection has less weight when that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter.

In determining a §1404(a) motion, a court should consider: (1) a plaintiff's privilege of choosing the forum; (2) convenience of the parties; (3) the location of counsel; (4) convenience of witnesses, including expert witnesses; (5) the location of books and records; (6) the speed with which the underlying civil case may be resolved by the relevant courts; and (7) the interests of

5

justice. *Starnes v. McGuire*, 512 F.2d 918, 922 (D.C. Cir. 1974); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3848-3854 (2d ed. 1986). In addition, other factors may be relevant to a motion to transfer, including ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspects of expeditiously and conveniently conducting a trial. *Securities & Exch. Comm'n v. Page Airways, Inc.*, 464 F. Supp. 461, 463 (D.D.C. 1978).

Nonetheless, a court may not transfer simply because it believes that another forum may be superior to plaintiff's chosen forum. *Shapiro, Lifshitz & Schram v. Hazard*, 24 F. Supp. 2d 66 (D.D.C. 1998). Under the ERISA venue provision, venue is proper in the District of Columbia because the IPF was administered here when plaintiffs filed suit. That provision reflects Congress's intent to foster continued viability of employee benefit plans and to promote the efficient collection of employer obligations by permitting a fund to file all legal actions in one central location. *Employees Savings Plan of Mobil Oil Corp. v. Vickery*, 99 F.R.D. 138, 144 (S.D.N.Y. 1983). If the plaintiffs were required to litigate where each employer resided, the resulting hardship and expense would undermine the financial integrity of funds, therefore defeating the goal of efficient administration of ERISA plans. *Dugan v. M&W Dozing & Trucking, Inc.*, 727 F. Supp. 417, 419 (N.D. Ill. 1989). Recognizing the important policy goals at stake, Courts in this jurisdiction have consistently relied upon ERISA's controlling venue provision and rejected attempts by employers to transfer these plaintiffs' District of Columbia collection cases to other forums. *See, e.g., Flynn v. Daly & Zilch Mason Contractors, Inc.*, Civil

6

No. 00-3027, Order (D.D.C. 2001). *Flynn v. Ravare Masonry, Inc.*, Civil No. 01-1236, Order (D.D.C. 2002).

The traditional § 1404(a) factors also weigh against transfer. Defendant argues for transfer primarily because the documents and witnesses relating to the agreements and relevant audits are located in California, as are the local funds for which plaintiffs seek recovery. Plaintiffs, however, have offered a roughly equal number of witnesses and categories of documents that are located in or near the District of Columbia. All of the plaintiffs' witnesses for the IPF, for example, are located in or near the District of Columbia and would be greatly inconvenienced if this case were transferred to California. Other witnesses for plaintiffs, such as the officers and representatives of BAC who were involved in the negotiation of the TCAA Agreement, are also located in Washington, D.C. In addition, the records and administrative staff of TCAA are in Wheaton, Maryland, a nearby suburb. Those factors that may counsel for transfer are therefore substantially outweighed by the combination of plaintiffs' choice of forum, the policy behind bringing ERISA suits in the district in which the fund is administered, and the many witnesses and documents located in and around the District of Columbia. The Court will therefore decline to transfer the case under 28 U.S.C. § 1404.

## CONCLUSION

For these reasons, the Court denies defendant's motion to dismiss or transfer for improper venue.

/s/ Ellen S. Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

Dated: 2/4/02