# TAB D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 01-1236 (PLF) |
| ) | |
| RAVARE MASONRY, INC. ) | **FILED** |
| ) | |
| Defendant. ) | JAN - 3 2002 |
| ) | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

<u>ORDER</u>

This matter is before the Court on Defendant's Motion to Change Venue Pursuant to 28 U.S.C. Section 1404(a). The Court has considered the brief in support of the motion, the opposition thereto and the exhibits submitted by the parties.

It is clear under ERISA that jurisdiction and venue are proper both in this Court and in the United States District Court for the Western District of Louisiana. <u>See</u> 29 U.S.C. § 1132(e)(2). An action under ERISA may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . ." <u>Id</u>. In this case, the plan is administered in the District of Columbia, the defendant resides in the Western District of Louisiana, and it is alleged that the breach took place in the Western District of Louisiana.

Given the deference normally paid to plaintiff's choice of forum and the special venue provision of ERISA, 29 U.S.C. § 1132(e)(2), and the Court having found that defendant has not carried its burden of establishing that the case should be transferred to Louisiana for

19

the convenience of defendant or its witnesses or in the interests of justice, the Court concludes that the circumstances of this case do not warrant transfer. Although defendant's arguments are not without merit, in this case they are not enough to overcome plaintiff's choice of forum. See, e.g., Dugan v. M & W Dozing & Trucking, Inc., 727 F. Supp. 417 (N.D. Ill. 1989); Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Airconditioning, Inc., 702 F. Supp. 1253 (E.D. Va. 1988); Campbell v. Consolidated Building Specialties, 683 F. Supp. 271 (D.D.C. 1987); International Brotherhood of Painters v. Best Painting & Sandblasting Co., 621 F. Supp. 906 (D.D.C. 1985). Accordingly, it is hereby

ORDERED that Defendant's Motion to Change Venue Pursuant to 28 U.S.C. Section 1404(a) is DENIED; and it is

FURTHER ORDERED that the parties shall file a joint meet and confer status report under Local Civil Rule 16.3 on or before January 25, 2002.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 1/2/02